UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE FREEMAN
MANUFACTURING & SUPPLY
COMPANY,

        Plaintiff,

   v.

HARI PATEL, et al.,

        Defendants.

CIVIL ACTION NO.
1:23-CV-1247-JPB

**ORDER**

This matter is before the Court on Defendant Hari Patel's ("Patel") Motion for Summary Judgment [Doc. 32]. This Court finds as follows:

**BACKGROUND**

This action arises from the alleged theft of plank and plywood from a supply company and the subsequent resale of the stolen goods. On March 24, 2023, Freeman Manufacturing & Supply Company ("Plaintiff") filed the instant action against Defendants Johnathan Smith ("Smith")[1] and Patel.[2] [Doc. 1]. In short, the

---

[1] Smith has not answered Plaintiff's Complaint or otherwise appeared in this action. On July 27, 2023, the Clerk entered default as to Defendant Smith.

[2] Plaintiff also filed this action against an unnamed defendant, John Doe.

Complaint alleges that Smith (Plaintiff's former employee) stole lumber materials from Plaintiff (a materials supplier) and sold them to Patel.  Id.  Thereafter, Patel resold the lumber materials to third parties.  Id.

Plaintiff brings claims against Patel for theft by taking in violation of O.C.G.A. § 16-8-2, civil conspiracy and for violation of the Georgia Racketeer Influence and Corrupt Organizations Act (the "Georgia RICO Act").  Id.  Plaintiff also brings claims for punitive damages and attorney's fees.  Id.  Following the close of discovery, Defendant Patel moved for summary judgment on December 22, 2023.  [Doc. 32].  The Motion for Summary Judgment is now ripe for the Court's review.

## STATEMENT OF FACTS

The Court derives the facts of this case from the parties' statements of undisputed material facts and their responses thereto.  The Court also conducted its own review of the record.  The facts of this case, for purposes of adjudicating the instant motion for summary judgment, are as follows:

Patel has a master's degree in business administration in pharmaceutical management and is employed as an IT Solutions Designer for a bank. [Doc. 35-1, p. 3].  Smith is a former warehouse employee of Plaintiff.  Id. at 3.  At some point during his employment with Plaintiff, Smith began stealing Plaintiff's inventory of

lumber materials and advertising the goods for sale on his personal Facebook Marketplace page.  Id. at 3, 6.  From around April 2022 through October 2022, Patel periodically purchased lumber materials from Smith.  [Doc. 34-1, p. 4].  Patel purchased the lumber in "all cash," for "pennies on the dollar." Id. at 16.

Based on the discounted price of the lumber materials, Patel saw an opportunity to develop a side business and resell the lumber at a profit.  Id. at 4.  As a result, Patel subsequently listed the lumber for resale on his own Facebook Marketplace page and sold the lumber to third parties.  [Doc. 35-1, p. 8].  Patel was not involved in Smith's procurement or possession of the lumber materials and maintains that when he purchased the lumber from Smith, he was not aware that there was any issue with Smith's ownership of the goods.  [Doc. 34-1, pp. 7, 13, 15].

## DISCUSSION

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A factual issue is "'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Allen, 121 F.3d at 646 (quoting Anderson, 477 U.S. at 251–52).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party."  Id.  After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts that indicate summary judgment is improper because a material issue of fact does exist.  Id.  However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting Anderson, 477 U.S. at 252).  If the record taken as a whole cannot "lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus.

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat. Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

The Court will first analyze Plaintiff's theft by taking claim, wherein Plaintiff alleges that Patel committed theft against Plaintiff by purchasing stolen lumber materials from Smith and subsequently reselling them.  Georgia's theft by taking statute provides that "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."[3] O.C.G.A. § 16-8-2.  However, "one who takes under a fair or honest claim of right does not commit . . . theft." Clarke v. State, 731 S.E.2d 100, 102–03 (Ga. Ct. App. 2012).  Indeed, intent to deprive the rightful owner of his property is an essential element of the offense, Smith v. State, No. S23G0701, 2024 WL 3196897, at *9 (Ga. June 27, 2024), and this element can be proven by circumstantial evidence, conduct, demeanor or motive, Cofield v. State, 695 S.E.2d 696, 698 (Ga. Ct. App. 2010).

---

[3] "Georgia law authorizes the owner of property to bring a civil action to recover damages from any person who . . . commits a theft as defined in O.C.G.A. § 16-8-2." Edible IP, LLC v. Google, LLC, 869 S.E.2d 481, 485 (Ga. 2022); see also O.C.G.A. § 51-10-6(a).

Here, it is undisputed that Smith stole lumber materials from Plaintiff and that Patel subsequently purchased the stolen goods from Smith. It is also undisputed that Patel then resold the goods to third parties for profit. However, as relevant to this Court's determination, the parties dispute whether Patel knew or should have known that the goods he was purchasing from Smith were stolen.

Upon review, the Court determines that the record lacks evidence demonstrating the requisite intent under Georgia's theft by taking statute. Plaintiff's brief vaguely asserts that there is a factual dispute as to whether Patel knew or reasonably should have known the lumber materials were stolen, however, Plaintiff sets forth no evidence to support such a finding. Further, although Plaintiff's Statement of Additional Facts urges this Court to draw an inference as to Patel's knowledge of the scheme based on Patel's background as an IT professional and his presumed ability to search the internet to uncover that the goods were stolen, such an argument is misplaced. See LR 56.1(B)(1), NDGa ("The Court will not consider any fact . . . stated as an issue or a legal conclusion . . ."). Regardless, without more, Patel's background as an IT professional and Plaintiff's bare assertion that he could have uncovered that the materials were stolen are not enough to demonstrate that there is a genuine issue for trial. Therefore, Plaintiff has not met its burden of showing specific facts that indicate

summary judgment is improper and summary judgment is **GRANTED** in favor of Patel on the theft by taking claim.

The Court next analyzes whether Plaintiff's civil conspiracy and Georgia RICO Act claims should proceed to trial.  "To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort.  Absent the underlying tort, there can be no liability for civil conspiracy."  Elliott v. Savannah Int'l Motors, Inc., 861 S.E.2d 137, 141 (Ga. Ct. App. 2021).  As discussed above, the Court has granted summary judgment in favor of defendant on Plaintiff's theft by taking claim against Patel.  Therefore, because Plaintiff's civil conspiracy claim against Defendant Patel cannot stand alone, summary judgment is **GRANTED** in favor of Defendant Patel on the civil conspiracy claim.  See Dyer v. Honea, 557 S.E.2d 20, 25 (Ga. Ct. App. 2001) (dismissing a conspiracy claim where the underlying fraud claim failed).

Plaintiff's Georgia RICO Act claim also fails for a similar reason.  Plaintiff's Complaint alleges that Defendants "engaged in at least two interrelated predicate incidents or acts or racketeering activity," which proximately caused injury to Plaintiff.  [Doc. 1, pp. 9–10].  Plaintiff further alleges that Defendants' theft by taking constitutes a predicate act pursuant to the Georgia RICO Act.  Thus, Plaintiff's Georgia RICO Act claim is dependent on Plaintiff's ability to prove the

7

underlying theft by taking claim, which this Court has already determined Plaintiff cannot do here.  As such, summary judgment is **GRANTED** in favor of Defendant on Plaintiff's Georgia RICO Act claim.  See <u>Edible</u>, 869 S.E.2d at 491 (concluding that the plaintiff's Georgia RICO Act claim failed because the underlying theft claim was dismissed).

Finally, because there are no remaining underlying causes of action against Defendant Patel, summary judgment is **GRANTED** in favor of Patel on Plaintiff's claims for punitive damages and attorney's fees.  See <u>Davis v. Johnson</u>, 634 S.E.2d 108, 110 (Ga. Ct. App. 2006) ("[A]ttorney['s] fees and expenses of litigation under OCGA § 13-6-11 . . . are ancillary and recoverable only where other elements of damage are recoverable on the underlying claim." (quoting <u>Freeman v. Wheeler</u>, 627 S.E.2d 86, 90 (Ga. Ct. App. 2006))).

## CONCLUSION

For the foregoing reasons, this Court **HEREBY GRANTS** Defendant Patel's Motion for Summary Judgment [Doc. 32].

As previously noted, the remaining defendant, Smith, has not responded or otherwise appeared in this action.  Accordingly, the Court **DIRECTS** Plaintiff to file within fourteen days, either:  (1) a properly supported Motion for Default Judgment; or (2) a notice explaining why Plaintiff is not seeking default judgment

at this time.  Failure to comply with this Order may result in dismissal of this action without prejudice.  In the event the motion is not filed, the Clerk is **DIRECTED** to submit the case at the expiration of the fourteen-day period.

    **SO ORDERED** this 12th day of August, 2024.

_____
J. P. BOULEE
United States District Judge
